DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ l} Defendant-Appellant Leonard Dent has appealed from his convictions in the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} At approximately 10:00 p.m. on January 5, 2007, Lauren Phillips telephoned the Akron Police Department to report that a suspicious individual was lurking between a building and dumpster close to a satellite ATM that she had almost used. Remaining in her vehicle, Phillips stayed within sight of the ATM and waited for officers to arrive. She saw another car, driven by Scott Fortnoff, approach the ATM. *Page 2 
 {¶ 3} Fortnoff had not yet completed his ATM transaction when the suspicious individual, later identified as Dent, approached his driver's side window and brandished a knife. Dent demanded money from Fortnoff, who began to slide over to the passenger's side of the car to distance himself from the knife. Dent then entered the car on the driver's side and continued to demand money. Fortnoff gave Dent the small amount of cash that he had in his pocket. At that point, a police cruiser slowly advanced towards Fortnoff s car. Dent warned Fortnoff not to "do anything" and threatened to kill him while keeping hold of his knife. However, Fortnoff quickly grabbed and shoved the knife away, opened the passenger's door, and fell out of the car while shouting that he "was being robbed." Fortnoff received cuts to his hand from his contact with the knife.
 {¶ 4} Lieutenant Jesse Leeser, the first officer on scene, drew his gun and approached Fortnoff s vehicle after Fortnoff ran away from it. Lieutenant Leeser repeatedly commanded Dent to lie down across the car's front seats, but Dent refused to comply. When another officer arrived, Leeser physically subdued Dent and removed him from Fortnoff s car.
 {¶ 5} On March 28, 2007, a jury found Dent guilty of aggravated robbery pursuant to R.C. 2911.01(A)(1), a felony of the first degree, and guilty of felonious assault pursuant to R.C. 2903.11(A)(2), a felony of the second degree. Because Dent's amended indictment also contained a two count repeat violent offender ("RVO") specification pursuant to R.C.2941.149, the trial court held a *Page 3 
hearing on that issue on March 30, 2007. The court found Dent guilty on both counts of the RVO specification, finding that Dent had a prior conviction for felonious assault in 2002 (Common Pleas, No. CR 02-05-1427). The trial court sentenced Dent to a total of fifteen years in prison. Dent has timely appealed from his convictions, raising three assignments of error.
 II Assignment of Error One "THE TRIAL COURT ERRED WHEN IT SENTENCED DEFENDANT BASED ON FACTS NOT FOUND BY THE JURY[.]"
 {¶ 6} In his first assignment of error, Dent argues that both the RVO statute, R.C. 2941.149, and State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, are unconstitutional in light of Blakely v.Washington (2004), 542 U.S. 296. Specifically, Dent argues that the RVO statute and Foster unconstitutionally permit a trial court to make additional factual findings, which were not found by a jury, and to use those findings to enhance a sentence.
 {¶ 7} The record reflects that Dent failed to make either of these arguments in the trial court. In the court below, Dent challenged the constitutionality of R.C. 2929.14(D)(2)(a) ("the RVO sentencing statute"), but did not directly challenge the RVO statute. On appeal, Dent takes the opposite approach and challenges the constitutionality of the RVO statute without challenging the RVO sentencing statute. The "[f]ailure to raise at the trial court *Page 4 
level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a [forfeiture] of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." State v. Awan (1986), 22 Ohio St.3d 120, syllabus, limited by,In re M.D. (1988), 38 Ohio St.3d 149. See, e.g., In re C.F., 9th Dist. No. 02CA008084, 2002-Ohio-6113, at ¶ 37-38. See, also, App.R. 12(A)(2) and 16(A)(7). Because Dent did not directly challenge the constitutionality of the RVO statute below, he has forfeited the issue and we decline to address it for the first time on appeal. See State v.Hairston, 9th Dist. No. 05CA008768, 2006-Ohio-4925, at ¶ 11 (declining to reach the merits on appeal where an appellant forfeited an issue and failed to argue plain error on appeal).
 {¶ 8} The record further reflects that Dent forfeited his argument with respect to the constitutionality of Foster. The argument that he promulgates on appeal is not the same argument that he raised before the trial judge. In the trial court, Dent argued that Foster was unconstitutional when applied to the RVO sentencing statute. On appeal, however, he argues that Foster is unconstitutional in light of the RVO statute. Since he failed to raise this issue with the trial court, we will not address it on appeal. See Awan, supra. See, also,Hairston at ¶ 11. Dent's first assignment of error is without merit.
 Assignment of Error Two *Page 5 "DEFENDANT'S COUNSEL WAS INEFFECTIVE WHICH PREJUDICED THE DEFENDANT AND RESULTED IN HIS CONVICTION[.]"
 {¶ 9} In his second assignment of error, Dent argues that his trial counsel was ineffective because she stipulated to certain evidence and did not advise him to testify in light of the stipulation. We disagree.
 {¶ 10} The Sixth Amendment of the United States Constitution guarantees a criminal defendant the effective assistance of counsel.McMann v. Richardson (1970), 397 U.S. 759, 771. To prove an ineffective assistance claim, Dent must show that: (1) counsel's performance was deficient to the extent that "counsel was not functioning as the `counsel' guaranteed by the Sixth Amendment [,]" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington (1984),466 U.S. 668, 687. To demonstrate prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. Furthermore, the Court need not address both Strickland prongs if Appellant fails to prove either one. State v. Ray, 9th Dist. No. 22459,2005-Ohio-4941, at ¶ 10. We begin with the prejudice prong as we find it to be dispositive. *Page 6 
 {¶ 11} Dent's trial counsel stipulated to the admission of a videotape with footage from the ATM where Fortnoff was attacked and also stipulated that Dent was the person in the video. While the quality of the videotape was poor, it essentially showed an individual approaching Fortnoff s car on the driver's side and going to Fortnoff s window. Dent claims that his counsel's stipulations prejudiced him because they eliminated the State's burden to prove identification. Yet, both Fortnoff and Lieutenant Lesser testified at trial and identified Dent as the perpetrator. Furthermore, Lieutenant Lesser apprehended Dent while he was still inside of Fortnoff s car. In light of this other evidence, we fail to see how defense counsel's stipulation that Dent was in fact that individual in the videotape prejudiced Dent. See Bradley, 42 Ohio St.3d at paragraph three of the syllabus. Nor do we see how Dent's testifying as to this evidence at trial would have resulted in a different outcome. Id. Dent's second assignment of error lacks merit.
 Assignment of Error Three "DEFENDANT'S CONVICTION WAS BASED UPON INSUFFICIENT EVIDENCE AND/OR WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]"
 {¶ 12} In his final assignment of error, Dent argues that his aggravated robbery and felonious assault convictions were against the manifest weight of the evidence and were not supported by sufficient evidence. We disagree. *Page 7 
 {¶ 13} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v.Jenks (1991), 61 Ohio St.3d 259, 279. Furthermore:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386.
 {¶ 14} In State v. Roberts, this Court explained that "sufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2. Accordingly, we address Dent's challenge to the weight of the evidence first, as it is dispositive of his claim of sufficiency. *Page 8 
 {¶ 15} In determining whether a conviction is against the manifest weight of the evidence an appellate court:
 "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175; see, also, Otten, 33 Ohio App.3d at 340.
 {¶ 16} In support of his anemic argument that his convictions were against the weight of the evidence, Dent simply asserts that the State's evidence was based solely on the victim's testimony and that the victim did not suffer serious physical harm. We are aware of no law that prevents the State from pursuing a conviction solely on the basis of the victim's testimony. Additionally, the record contains other evidence in support of Dent's convictions. This other evidence includes Lieutenant Lesser's testimony about finding Dent in Fortnoff s car with a knife. *Page 9 
Moreover, neither of Dent's convictions depended upon a finding of "serious physical harm." See R.C. 2911.01(A)(1); R.C. 2903.11(A)(2). Based on the record before us, we cannot conclude that the jury lost its way in convicting Dent.
{¶ l7} Having disposed of Dent's challenge to the weight of the evidence, we similarly dispose of his sufficiency challenge.Roberts, supra, at *2. Dent's third assignment of error is overruled.
 III {¶ 18} Dent's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 10 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 Moore, P. J. Slaby, J., concur. *Page 1