[Cite as *State v. Wagner*, 2013-Ohio-2036.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No. 12CA010199 |
|---|---|---|
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES C. WAGNER | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | | CASE No. 09CR079330 |

DECISION AND JOURNAL ENTRY

Dated: May 20, 2013

HENSAL, Judge.

{¶1}  The State of Ohio appeals an order of the Lorain County Court of Common Pleas that dismissed the criminal charges that were pending against James Wagner.  For the following reasons, this Court affirms.

I.

{¶2}  On October 29, 2009, the Lorain County Grand Jury indicted Mr. Wagner for forgery and insurance fraud, both felonies of the fifth degree.  According to the record, at a pre-trial hearing on December 13, 2010, Mr. Wagner and the court discussed the court's "diversion program."  Following the hearing, the court entered an order acknowledging that Mr. Wagner intended to move for acceptance into the program.  It also referred him to the Lorain County Adult Probation Department for a preliminary investigation and report.  On January 5, 2011, the court found that, upon review of the preliminary report, Mr. Wagner's application could proceed.  It ordered him back to the probation department for additional investigation.

{¶3} On March 2, 2011, the State filed a brief opposing Mr. Wagner's motion for entry into the diversion program. On March 14, 2011, the trial court held a hearing on the motion. At the hearing, Mr. Wagner argued that he was statutorily eligible for the program and that the probation department had found him worthy of diversion. The court granted Mr. Wagner's motion over the State's objection. In accordance with the terms of the program, Mr. Wagner pleaded guilty to forgery and insurance fraud. After the court examined him, it accepted his plea and placed him into the diversion program. Specifically, it placed him under the supervision and control of the probation department for at least one year. It also ordered him to pay restitution. On May 13, 2012, the Court found that, "[u]pon recommendation of the [probation department]," Mr. Wagner had successfully completed the diversion program. "[P]ursuant to R.C. 2951.041(E)," it terminated the probation department's supervision and dismissed the case. The State has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT IMPROPERLY DISMISSED WAGNER'S INDICTMENT UPON COMPLETION OF THE LORAIN COUNTY COURT OF COMMON PLEAS DIVERSION PROGRAM AS ONLY A PROSECUTING ATTORNEY HAS THE AUTHORITY TO ESTABLISH A PRE-TRIAL DIVERSION PROGRAM.

{¶4} The State argues that, under Revised Code Section 2935.36, only a prosecuting attorney has authority to establish a pretrial diversion program. The trial court, however, did not purport to act under Section 2935.36. Rather, it cited Section 2951.041(E) as the authority for its actions. Section 2951.041 lays out a process under which a defendant may seek intervention in lieu of conviction that, upon successful completion, culminates in the dismissal of the charges

against him. R.C. 2951.041(A-E). In its brief, the State has not cited Section 2951.041, let alone demonstrated that the court improperly applied the statute.

{¶5} Upon review of the record, we conclude that the State has not established that the trial court improperly dismissed the charges against Mr. Wagner under Section 2951.041. The State's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN STRUCTURING THE LORAIN COUNTY COURT OF COMMON PLEAS DIVERSION PROGRAM TO REMOVE ONE OF THE ESSENTIAL PARTIES TO THE CASE AND TO VIOLATE THE CONSTITUTIONAL CONCEPT OF SEPARATION OF POWERS.

{¶6} The State argues that the court's "diversion program" is invalid because it was not involved in the creation of the program. According to the State, it is a necessary party in any criminal prosecution and it has the exclusive authority to decide whether to proceed. It argues that the court's diversion program removes the prosecuting attorney from its legally-assigned duties under Revised Code Section 309.08(A).

{¶7} As noted earlier, the trial court asserted that it was acting pursuant to Section 2951.041. The State did not challenge the constitutionality of Section 2951.041 in the trial court and has not specifically argued that Section 2951.041 is unconstitutional in its appellate brief. It, therefore, has forfeited any argument regarding the constitutionality of that section. *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus; *State v. Dent*, 9th Dist. No. 23855, 2008-Ohio-660, ¶ 7 (declining to address the constitutionality of a statute when appellant failed to "directly challenge" its constitutionality in the trial court). This Court will not consider the constitutionality of a statute sua sponte. *Smith v. Landfair*, 135 Ohio St.3d 89, 2012-Ohio-5692, ¶ 12 ("Declaring a statute unconstitutional, sua sponte, without notice to the parties would be unprecedented."). Furthermore, the State has not included in the record any details about the

court's allegedly unlawful diversion program. The State's second assignment of error is overruled.

III.

**{¶8}** The State has not established that the court improperly applied Revised Code Section 2951.041 or that Section 2951.041 is unconstitutional. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

BELFANCE, P. J.
CONCURS.

WHITMORE, J.
CONCURRING IN JUDGMENT ONLY.

{¶9} The record contains no evidence that Wagner alleged that "drug usage, alcohol usage, mental illness, or intellectual disability * * * was a factor leading to the [charged] offense[s]." R.C. 2951.041(B)(6). Moreover, the State makes no argument that R.C. 2951.041, intervention in lieu of conviction, was used in this case, and Wagner did not file an appellate brief. Therefore, I would not engage in the analysis of whether the court's action was proper under R.C. 2951.041. I would affirm the court's decision because the State has failed to include in the record any details regarding the court's allegedly unlawful diversion program. The State challenges the constitutionality of a diversion program without providing to this Court any documentation regarding such program. As such, it is impossible to review the validity of the program.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellant.

DANIEL WIGHTMAN, Attorney at Law, for Appellee.