[Cite as *State v. Hatfield*, 2013-Ohio-3069.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No. 12CA010198 |
|---|---|---|
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| APRIL D. HATFIELD | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | | CASE No. 09CR079573 |

DECISION AND JOURNAL ENTRY

Dated: July 15, 2013

WHITMORE, Judge.

{¶1}    Appellant, the State of Ohio, appeals from a judgment of the Lorain County Court of Common Pleas, dismissing criminal charges against Appellee, April Hatfield. This Court affirms.

I

{¶2}    In December 2009, Hatfield was indicted on one count of robbery, in violation of R.C. 2911.02(A)(3), a felony of the third degree. After proceeding through discovery, Hatfield filed a motion for acceptance into the Lorain County Court of Common Pleas Diversion Program. The trial court ordered a preliminary investigation and later denied her motion.

{¶3}    Approximately one month later, the court ordered another diversion program investigation. Subsequently, the court held a hearing, at which Hatfield entered a guilty plea. Over the State's objection, the court refused to enter a finding of guilt at that time, placed

Hatfield in the court's diversion program, and stayed the case. A year later, the court found that Hatfield had successfully completed the diversion program and dismissed her case.

{¶4}  The State now appeals and raises two assignments of error for our review. For ease of analysis, we consolidate the assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT IMPROPERLY DISMISSED HATFIELD'S INDICTMENT UPON COMPLETION OF THE LORAIN COUNTY COURT OF COMMON PLEAS DIVERSION PROGRAM AS ONLY A PROSECUTING ATTORNEY HAS THE AUTHORITY TO ESTABLISH A PRE-TRIAL DIVERSION PROGRAM.

Assignment of Error Number Two

THE TRIAL COURT ERRED IN STRUCTURING THE LORAIN COUNTY COURT OF COMMON PLEAS DIVERSION PROGRAM TO REMOVE ONE OF THE ESSENTIAL PARTIES TO THE CASE AND TO VIOLATE THE CONSTITUTIONAL CONCEPT OF SEPARATION OF POWERS.

{¶5}  In its first assignment of error, the State argues that the court created diversion program violates R.C. 2935.36 because pre-trial diversion programs may only be created by prosecuting attorneys. In its second assignment of error, the State argues that the court's diversion program is unconstitutional because it impermissibly shifts the decision of whether to prosecute a case from the prosecutor to the court.

{¶6}  This case is one in a series of cases challenging the Lorain County Court of Common Pleas Diversion Program. This case, as with all of the others filed to date, contains a fatal flaw: the details of the court's pretrial diversion program are nowhere in the record. As a reviewing court, this ties our hands. We are limited to reviewing materials contained within the appellate record. *See State v. Garfield*, 9th Dist. Lorain No. 09CA009741, 2011-Ohio-2606, ¶ 59. App.R. 12(A)(1)(b). Because the State has failed to include in the record any details

regarding the court's allegedly unlawful diversion program, we are unable to review the validity of the program. We are left with no choice but to affirm the trial court. Accordingly, the State's assignments of error are overruled.

III

{¶7} The State's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


BETH WHITMORE
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellant.

JAMES INGALLS, Attorney at Law, for Appellee.