[Cite as *State v. Valle*, 2013-Ohio-4280.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellant

    v.

ADA I. VALLE

    Appellee

C.A. No.     12CA010314

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     10CR082008

DECISION AND JOURNAL ENTRY

Dated: September 30, 2013

HENSAL, Judge.

{¶1} The State of Ohio appeals a judgment of the Lorain County common pleas court that dismissed the criminal case that was pending against Ada Valle. For the following reasons, this Court affirms.

I.

{¶2} In December 2010, the Grand Jury indicted Ms. Valle for theft and passing bad checks. Before trial, she moved to be accepted into "the Lorain County Court of Common Pleas Diversion Program." Over the State's objection, the trial court accepted her guilty plea and approved her entrance into the program. Following a year of supervision by the Lorain County Adult Probation Department, the court found "that the defendant has successfully completed the period of rehabilitation." It, therefore, dismissed the case "pursuant to R.C. 2951.041(E)." The State has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT IMPROPERLY DISMISSED MS. VALLE'S INDICTMENT UPON COMPLETION OF THE LORAIN COUNTY COURT OF COMMON PLEAS DIVERSION PROGRAM AS ONLY A PROSECUTING ATTORNEY HAS THE AUTHORITY TO ESTABLISH A PRE-TRIAL DIVERSION PROGRAM.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN STRUCTURING THE LORAIN COUNTY COMMON PLEAS DIVERSION PROGRAM SO AS TO REMOVE ONE OF THE ESSENTIAL PARTIES TO THE CASE AND TO VIOLATE THE CONSTITUTIONAL CONCEPT OF SEPARATION OF POWERS.

{¶3} The State argues that the trial court improperly dismissed the charges against Ms. Valle because it did not have authority to establish a diversion program. It also argues that the court's program violates the concept of separation of powers.

{¶4} According to the trial court's journal entry, it dismissed Ms. Valle's case "pursuant to R.C. 2951.041(E)." Revised Code Section 2951.041 "lays out a process under which a defendant may seek intervention in lieu of conviction that, upon successful completion, culminates in the dismissal of the charges against [her]." *State v. Wagner*, 9th Dist. Lorain No. 12CA010199, 2013-Ohio-2036, ¶ 4. As in *Wagner*, the State, in its brief, "has not cited Section 2951.041, let alone demonstrated that the court improperly applied the statute." *Id*. It also has not challenged the constitutionality of Section 2951.041(E). *Id*. at ¶ 7. In addition, the record does not contain any details about the trial court's allegedly unlawful diversion program. *Id*. at ¶ 7; *State v. Hatfield*, 9th Dist. Lorain No. 12CA010198, 2013-Ohio-3069, ¶ 6. Although the State has attempted to append documents to its brief that, it contends, provide the details of the court's program, the documents do not comply with Local Rule (7)(B)(9)(a) and, therefore, must be stricken from the appendix of the State's brief.

**{¶5}** Upon review of the record, we conclude that the State has failed to establish that the trial court improperly dismissed Ms. Valle's case. Its assignments of error are overruled.

### III.

**{¶6}** The State has not contested the trial court's application of Revised Code Section 2951.041(E) and has not properly included in the record any details regarding the court's allegedly unlawful pretrial diversion program. The judgment of the Lorain County common pleas court is affirmed.

Judgment affirmed.

—

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶7} I respectfully dissent for the reasons I articulated in *State v. Davis*, 9th Dist.

Lorain No. 12CA010272, 2013-Ohio-3966, ¶ 10-15 (Carr, J., dissenting).


APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellant.

MICHAEL DUFF, Attorney at Law, for Appellee.