[Cite as *State v. Earl*, 2013-Ohio-3391.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 12CA010315 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| COREY J. EARL | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No. 10CR080050 |

DECISION AND JOURNAL ENTRY

Dated: August 5, 2013

MOORE, Presiding Judge.

{¶1} Plaintiff-Appellant, the State of Ohio, appeals from the October 31, 2012 judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2010, Mr. Earl was indicted for forgery, in violation of R.C. 2913.31(A)(3), a felony of the fifth degree, and passing bad checks, in violation of R.C. 2913.11(B), a misdemeanor of the first degree. After the completion of discovery, Mr. Earl filed a motion for acceptance into the Lorain County Court of Common Pleas' Pretrial Diversion Program.

{¶3} After a preliminary investigation, the trial court held a hearing on Mr. Earl's motion. During the hearing, Mr. Earl entered a plea of guilty to the charges in the indictment. Over the State's objection, the trial court refused to enter a finding of guilt at that time, placed Mr. Earl in the court's pretrial diversion program, and stayed the case. Approximately one year

later, Mr. Earl successfully completed the court's pretrial diversion program, and the trial court dismissed the case.

{¶4}    The State appealed, raising two assignments of error for our consideration.  For purposes of facilitating our discussion, we will consolidate the State's assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT IMPROPERLY DISMISSED MR. EARL'S INDICTMENT UPON COMPLETION OF THE LORAIN COUNTY COURT OF COMMON PLEAS DIVERSION PROGRAM AS ONLY A PROSECUTING ATTORNEY HAS THE AUTHORITY TO ESTABLISH A PRE-TRIAL DIVERSION PROGRAM.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN STRUCTURING THE LORAIN COUNTY COURT OF COMMON PLEAS DIVERSION PROGRAM TO REMOVE ONE OF THE ESSENTIAL PARTIES TO THE CASE AND TO VIOLATE THE CONSTITUTIONAL CONCEPT OF SEPARATION OF POWERS.

{¶5}    In its first assignment of error, the State argues that the trial court's pretrial diversion program violates R.C. 2935.36 because it removes the prosecuting attorney from the equation.  In its second assignment of error, the State argues that the trial court's pretrial diversion program violates the constitutional concept of separation of powers because, post indictment, it removes the prosecuting attorney from its legally assigned duties in prosecuting crimes in Lorain County.

{¶6}    The State has filed with this Court a series of cases that challenge the trial court's pretrial diversion program.  In the present matter, the State has attempted to attach copies of both (1) the trial court's pretrial diversion program and (2) the prosecutor's pretrial diversion program as appendices to its brief.  Pursuant to Loc.R. 7(B)(9)(a), an appendix to an appellant's brief shall only consist of the following items:  (1) the judgment entry appealed from, (2) any opinion of the

trial court announcing the decision reflected by the judgment entry appealed from, (3) any written findings of fact and conclusions of law in the record on appeal, (4) all magistrate reports containing findings of fact and recommendations which are partially or totally adopted by the trial court in its final order, and (5) a map or diagram that is properly admitted into evidence and made part of the trial court record if it would aid the judges' understanding of an issue on appeal. As such, appendices A and B are not in compliance with our local rule and must be stricken from the record on appeal.

{¶7} App.R. 12(A)(1)(b) limits our review to materials contained within the appellate record. *See State v. Garfield*, 9th Dist. Lorain No. 09CA009741, 2011-Ohio-2606, ¶ 59. Because the State has failed to properly include in the record any details regarding the trial court's allegedly unlawful pretrial diversion program, we are unable to review the validity of the program. Therefore, we must affirm the trial court's judgment. *See State v. Hatfield*, 9th Dist. Lorain No. 12CA010198, 2013-Ohio-3069.

{¶8} Accordingly, the State's assignments of error are overruled.

III.

{¶9} Having overruled both of the State's assignments of error, the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellant.

MICHAEL DUFF, Attorney at Law, for Appellee.