[Cite as *In re B.P.*, 2015-Ohio-4352.]

STATE OF OHIO )  IN THE COURT OF APPEALS
)ss:  NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

IN RE: B.P.  C.A. Nos.  27541
    G.P.  27542

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.  DN 09-02-0103
              DN 09-02-0104

DECISION AND JOURNAL ENTRY

Dated: October 21, 2015

WHITMORE, Judge.

{¶1} Appellant Gregory P. ("Father") appeals from the Summit County Juvenile Court's award of child support. We affirm.

I

{¶2} Father and Jennifer P. ("Mother") are the parties to this appeal. They are the divorced parents of minor children B.P. and G.P.

{¶3} Mother filed a motion in domestic relations court for child support after a voluntary transfer of custody to her. The case was transferred to juvenile court while the motion for child support was pending.

{¶4} The primary issue at trial in juvenile court was Father's income available for child support. Father is the sole shareholder of a closely-held towing company, Greg's Towing, Inc. ("Greg's Towing"). At trial, the parties stipulated to submitting the tax returns of the parties and

of Greg's Towing as the sole evidence for the court to consider in determining child support, thus resolving discovery disputes between the parties.

{¶5} Following trial, the magistrate journalized a proposed decision. The magistrate included depreciation expenses for Greg's Towing in Father's income for support and awarded child support accordingly.

{¶6} Father objected to the magistrate's decision. Thereafter, the magistrate issued an amended decision to correct an erroneous award of child support during certain years when Mother did not have custody of the children.

{¶7} Father filed objections to the magistrate's amended decision. The trial court overruled Father's objections and adopted the magistrate's decision. Father now raises two assignments of error for our review.

### Assignment of Error Number One

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT FATHER AND ABUSED ITS DISCRETION IN SETTING CHILD SUPPORT BY: [1] FAILING TO CONSIDER THE BEST INTERESTS OF THE MINOR CHILDREN[;] [2] FAILING TO DEDUCT DEPRECIATION EXPENSES IN DETERMINING FATHER'S INCOME AND BY FAILING TO CONSIDER THE LOANS FOR TRUCKS PURCHASED FOR THE BUSINESS AS ORDINARY AND NECESSARY BUSINESS EXPENSES; AND [3] FAILING TO CONDUCT A CASE-BY-CASE ANALYSIS INCLUDING A CONSIDERATION OF THE NEEDS AND STANDARD OF LIVING OF THE CHILDREN AS REQUIRED BY R.C. 3119.04(B).

{¶8} In his first assignment of error, Father makes two arguments. First, he claims that the trial court erred when it included depreciation expenses for Greg's Towing in the calculation of Father's gross income instead of deducting them from income as ordinary and necessary business expenses. Second, Father contends that the trial court erred because it did not conduct a case-by-case analysis of the children's needs and standards of living under R.C. 3119.04. We disagree.

{¶9} Decisions regarding child support obligations are within the discretion of the trial court and will not be disturbed without an abuse of discretion. *Rock v. Cabral*, 67 Ohio St.3d 108 (1993), syllabus. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Id.*

{¶10} Father has failed to show that the trial court abused its discretion by including depreciation expenses on the tax returns for Greg's Towing in the calculation of Father's gross income for child support, instead of deducting them from income as ordinary and necessary business expenses. Father argues that he purchases trucks and equipment for his towing business on a regular basis, and that depreciation expenses associated with the trucks and equipment should be deducted from his gross income. Under the circumstances, he is mistaken.

{¶11} In general, a trial court "must deduct ordinary and necessary expenses from a parent's gross receipts when calculating the gross income of that self-employed parent." *Wenger v. Wenger*, 9th Dist. Wayne No. 02CA0065, 2003-Ohio-5790, ¶ 29, citing *Foster v. Foster*, 150 Ohio App.3d 298, 2002-Ohio-6390, ¶ 19 (12th Dist.). Ordinary and necessary expenses include depreciation expenses of business equipment. *Wenger* at ¶ 19, citing R.C. 3119.01(C)(9)(a). However, "to exclude the depreciation deduction from the calculation of gross receipts under R.C. 3119.01(C)(9)(b), the actual cash expenditure must be incurred in the same tax year." *Wenger* at ¶ 30, citing *Foster* at ¶ 20. Absent evidence illustrating that the depreciation deduction represents actual cash expenses (and not noncash items) in the year the deduction was taken, "R.C. 3119.01(C)(9) requires the court to include the depreciation deduction when computing the parent's gross income for that year." *Id.*

**{¶12}** Depreciation deductions on tax returns are, by themselves, insufficient evidence to show that money actually was expended as an ordinary and necessary business expense in the year the deduction was taken. *Huelskamp v. Huelskamp*, 185 Ohio App.3d 611, 2009-Ohio-6864, ¶ 45 (3d Dist.). This is in part because "in many cases, a company depreciates buildings and equipment that it owns solely for the purpose of reducing its income taxes." *Id.* at ¶ 42, citing *Foster* at ¶ 23. Moreover, trial courts must be wary of "'the possible manipulation of the numbers contained on the [tax] return to conceal income which, as a practical matter, may be available for child support purposes.'" *In re Custody of Harris*, 168 Ohio App.3d 1, 2006-Ohio-3649, ¶ 50 (2d Dist.), quoting *Offenberg v. Offenberg*, 8th Dist. Cuyahoga Nos. 78885, 78886, 79425, and 79426, 2003-Ohio-269, ¶ 30. Accordingly, a parent claiming ordinary and necessary expenses for business equipment must present evidence demonstrating those purchases beyond the tax return itself. *Neu v. Neu*, 3d Dist. Putnam No. 12-12-11, 2013-Ohio-221, ¶ 19; *In re K.P.*, 2d Dist. Clark No. 2011-CA-68, 2012-Ohio-1094, ¶ 19-20. This evidence may include, among other things, business records and backup documentation explaining how the depreciation deduction was calculated, and what it represents. *See Huelskamp* at ¶ 45.

**{¶13}** It was Father's burden, as the party claiming the business expense, to provide "suitable documentation to establish the expense." *Id.* at ¶ 43, quoting *Ockunzzi v. Ockunzzi*, 8th Dist. Cuyahoga No. 86785, 2006-Ohio-5741, ¶ 53. Here, Father did not provide any evidence beyond tax returns to show that depreciation expenses for Greg's Towing for trucks or other equipment were cash expenses in the tax years during which the depreciation was claimed. The record is devoid of evidence to show that the vehicles and equipment were purchased with cash belonging to the business instead of loans. Father did not introduce any evidence regarding loan payments or interest payments, or any other evidence that the business incurred cash expenses

related to the depreciation deductions during years when the deductions were taken. Without such evidence, the trial court was "'not required to blindly accept all of the expenses [Father] claims to have deducted in his tax returns as ordinary and necessary expenses incurred in generating gross receipts.'" *Id.* Accordingly, the trial court did not abuse its discretion in including the depreciation expenses in Father's income. *See Huelskamp* at ¶ 43.

{¶14} Father's argument that the trial court abused its discretion because it did not conduct a case-by-case analysis of the children's needs and standards of living under R.C. 3119.04(B) also is not persuasive. Father failed to properly raise an objection on this ground to the magistrate's amended decision, and thus forfeited the issue on appeal.

{¶15} An objection to a magistrate's decision must be "specific and state with particularity all grounds for objection." Juv.R. 40(D)(3)(b)(ii). Further, the objection must be filed within 14 days of the filing of the magistrate's decision. Juv.R. 40(D)(3)(b)(i). A party may seek leave of court to supplement the objection after a transcript is prepared. Juv.R. 40(D)(3)(b)(iii).

{¶16} Here, Father did not raise a specific objection to the magistrate's alleged failure to analyze child support under R.C. 3119.04(B). Instead, Father raised four unrelated objections, claiming that the magistrate erred by: (1) failing to deduct depreciation expenses from gross receipts; (2) failing to consider the principal and interest of Father's truck loans as ordinary and necessary business expenses; (3) failing to include the son's social security benefits in Mother's income; and (4) failing to impute income to Mother. Although Father stated that he would "supplement his objection within [14] days of the filing date of the transcript", he did not request leave to supplement his objections, nor did he supplement them.

**{¶17}** Instead of requesting leave to supplement his objections, Father raised an argument under R.C. 3119.04(B) for the first time in a memorandum in support of his objections filed pursuant to Local Rule 3.03(F) of the Summit County Juvenile Court.[1] This was improper. A memorandum is an improper means of objection, when a specific objection was not raised in the original objections to the magistrate's decision, and the court did not otherwise grant leave to file supplemental objections. *See Mustard v. Mustard*, 12th Dist. Warren Nos. CA2009-06-078 and CA2009-09-118, 2010-Ohio-2175, ¶ 31 (applying Civ.R. 53(D)).[2]

**{¶18}** "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)."[3] Juv.R. 40(D)(3)(b)(iv). Thus, because Father failed to preserve his argument through a proper objection, he has forfeited the right to challenge on appeal the trial court's alleged failure to conduct a case-by-case analysis under R.C. 3119.04(B). *Tawney v. Tawney*, 9th Dist. Medina No. 02CA0018–M, 2002-Ohio-6122, ¶ 15; *In re M.C.*, 9th Dist. Summit Nos. 27116 and 27117, 2015-Ohio-1627, ¶ 58.

**{¶19}** Father's first assignment of error is overruled.

<u>Assignment of Error Number Two</u>

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/FATHER, ABUSED ITS DISCRETION BY MODIFYING THE TEMPORARY CHILD SUPPORT ORDER RETROACTIVELY WHEN

---

[1] Local Rule 3.03(F) provides, "Once a transcript has been requested, all parties are permitted to file a Memorandum in Support or Opposition to the Objection within [14] days of the filing of the transcript with the Court without filing a Motion for Extension."

[2] This Court has held that, because Civ.R. 53(D) and Juv.R. 40(D) are analogous, it is appropriate to rely on case law examining Civ.R. 53(D) when addressing an issue under Juv.R. 40(D). *In re T.S.*, 9th Dist. Medina No. 11CA0033-M, 2012-Ohio-858, ¶ 8.

[3] Father has not asserted plain error.

MOTHER HAD NEITHER MOVED TO SET ASIDE NOR FILED A MOTION
TO MODIFY THE TEMPORARY ORDER.

{¶20} In his second assignment of error, Father alleges that the trial court erred in setting a retroactive effective date for the child support order. However, Father did not raise this argument in his objections to the magistrate's amended decision. It is the trial court's entry adopting the magistrate's amended decision that presently is before this Court. The trial court's effective dates for child support are identical to the effective dates in the magistrate's amended decision.

{¶21} As discussed, a party shall not assign an issue as error on appeal unless the party raised the issue in a specific objection to the magistrate's decision as required by Juv.R. 40(D)(3)(b). Juv.R. 40(D)(3)(b)(iv). Because Father did not object to the effective date of child support set forth in the magistrate's amended decision, Father has forfeited this argument on appeal. *Tawney*, 2002-Ohio-6122 at ¶ 15; *In re M.C.*, 2015-Ohio-1627 at ¶ 58.

{¶22} Father's second assignment of error is overruled.

III

{¶23} Father's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

SUSAN K. PRITCHARD, Attorney at Law, for Appellant.

CHARLES M. BUDDE, Attorney at Law, for Appellee.