[Cite as *Foy v. Foy*, 2016-Ohio-242.]

STATE OF OHIO      )  
                  )ss:  
COUNTY OF MEDINA    )

IN THE COURT OF APPEALS  
NINTH JUDICIAL DISTRICT

LINDA L. FOY

    Appellee

    v.

JAMES M. FOY

    Appellant

C.A. No.     14CA0113-M

APPEAL FROM JUDGMENT  
ENTERED IN THE  
COURT OF COMMON PLEAS  
COUNTY OF MEDINA, OHIO  
CASE No.    11 DR 0609

DECISION AND JOURNAL ENTRY

Dated: January 25, 2016

MOORE, Judge.

**{¶1}** Defendant-Appellant James Foy appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division. We affirm in part, and reverse in part.

I.

**{¶2}** Mr. Foy and Ms. Foy married on August 6, 1994 and one son was born of their marriage. In October 2011, Ms. Foy filed a complaint seeking a legal separation and Mr. Foy answered and counterclaimed seeking a divorce. Temporary orders were issued and, beginning April 2012, Mr. Foy was ordered to pay Ms. Foy $1000 per month in temporary spousal support inclusive of the 2% processing fee. In calculating temporary child support, the magistrate included the temporary spousal support payments as income to Ms. Foy and deducted it from Mr. Foy's income. Journal entries in the record signed by the trial court evidence that Mr. Foy made temporary support payments to Ms. Foy in the months from April 2012 through September 2012.

**{¶3}** The matter proceeded to a hearing. At the hearing, the parties came to an agreement with respect to all issues aside from spousal support and child support. The parties' agreement was reflected in a judgment entry of divorce. Following a hearing on the unresolved support issues, the trial court entered a separate order awarding Ms. Foy spousal support of $750 per month for 75 months and child support of $403.83 per month plus a 2% processing charge.

**{¶4}** Mr. Foy filed a motion for reconsideration asking the trial court to calculate child support after taking into account the money Mr. Foy was ordered to pay in spousal support. Prior to the trial court ruling on the motion, Mr. Foy filed a notice of appeal. Thereafter, Ms. Foy filed a notice of cross-appeal. This Court dismissed the attempted appeals because the trial court failed to issue a single entry in compliance with Civ.R. 75. In November 2014, the trial court issued an entry labeled "nunc pro tunc" that incorporated the provisions from the agreed entry and the support entry. In the entry, the trial court noted that, "[a]lthough this Court has consolidated all issues within this Judgment Entry, it notes that this Judgment Entry does not represent any change to the substance of the parties' Agreed Judgment Entry of Divorce, adopted September 5, 2013, as supplemented with the Court's final determination of child and spousal support issued October 29, 2013."

**{¶5}** Mr. Foy has appealed, raising three assignments of error for our review, which will be addressed out of sequence to facilitate our analysis.

II.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ERRED TO [MR. FOY'S] PREJUDICE AND ABUSED ITS DISCRETION WHEN IT FAILED TO TAKE [MR. FOY'S] BUSINESS EXPENSES INTO ACCOUNT WHEN IT ORDERED [MR. FOY] TO PAY [MS. FOY] SPOUSAL SUPPORT IN THE AMOUNT OF $750.00 PER MONTH FOR 75 MONTHS.

{¶6} Mr. Foy asserts in his third assignment of error that the trial court erred when it failed to take into account Mr. Foy's business expenses from his self-employment as a farrier or blacksmith when it ordered him to pay Ms. Foy $750 per month in spousal support. We do not agree.

{¶7} We review a trial court's award of spousal support for an abuse of discretion. *Madcharo v. Madcharo,* 9th Dist. Lorain No. 14CA010547, 2015-Ohio-2191, ¶ 9. An abuse of discretion implies that the court's decision is arbitrary, unreasonable, or unconscionable. *See Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983). R.C. 3105.18(B) provides that, "[i]n divorce and legal separation proceedings, * * * the court of common pleas may award reasonable spousal support to either party." *Madcharo* at ¶ 9, quoting R.C. 3105.18(B). "'In determining whether spousal support is appropriate and reasonable, [and in determining the nature, amount, and terms of payment, and duration]' the court shall consider the factors listed in Section 3105.18(C)(1)(a-n)." *Madcharo* at ¶ 9, quoting R.C. 3105.18(C)(1). Those factors include the following:

> (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
>
> (b) The relative earning abilities of the parties;
>
> (c) The ages and the physical, mental, and emotional conditions of the parties;
>
> (d) The retirement benefits of the parties;
>
> (e) The duration of the marriage;
>
> (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
>
> (g) The standard of living of the parties established during the marriage;
>
> (h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

R.C. 3105.18(C)(1)(a)-(n).

{¶8} On appeal, Mr. Foy asserts that the trial court failed to take into account his business expenses when computing a spousal support award. We cannot conclude that Mr. Foy has demonstrated error. Even assuming the trial court was required to take into account Mr. Foy's business expenses in determining an appropriate award of spousal support, Mr. Foy has not demonstrated that the trial court failed to do so.

{¶9} The trial court's November 2014 judgment entry discussed the disputes raised at the hearing over the parties' incomes. At the hearing, the parties disputed whether Mr. Foy's income reported on his tax returns accurately reflected his income from his farrier business, or whether he underreported his income. Additionally, there was considerable discussion about Mr. Foy's poor record keeping as it related to his farrier business. Ultimately, the trial court opted to use the gross income figures and business expense figures that Mr. Foy testified to at the hearing, and were contained within his 2009, 2010, and 2011 tax returns, as a basis for determining his income and business expenses. In so doing, the trial court stated, "[i]nasmuch as the Court finds

that both parties participated in the financial aspects of [Mr. Foy's farrier] business and could have been fully informed of all of the business revenues and expenses if he or she so chose, the Court finds that for the calculation of support, the parties will have to live with the income they reported to the IRS and not now seek to attribute to each other income figures that they did not report to the Internal Revenue Service as income." The figure used by the trial court, $66,924, represents an average of the gross receipts Mr. Foy reported on his 2009, 2010, and 2011 income tax returns. Further, the trial court also averaged the business expenses for those three years that were reported on his tax returns and testified to at the hearing. The average of his business expenses was calculated to be $20,511. The trial court stated in its entry, prior to its award of either spousal or child support, that "[t]he Court finds that [Mr. Foy's] income for support purposes is $66,924 with business expenses of $20,511 and [Ms. Foy's] is $11,333."

**{¶10}** It appears that Mr. Foy believes that the trial court failed to consider his business expenses when determining spousal support, because, during its discussion of spousal support, the trial court failed to mention any business expenses. Instead, the trial court stated only that, "[t]he Court previously determined that for support purposes [Ms. Foy] earns annual income of $11,333 and [Mr. Foy] earns average annual income of $66,924." While it is true that the trial court failed to specifically mention Mr. Foy's business expenses in this section of the November 2014 judgment entry, in its prior October 2013 entry on support issues, in the section on spousal support, the trial court did reference Mr. Foy's business expenses. Further, in the November 2014 entry, the trial court specifically stated that, "[a]lthough this Court has consolidated all issues within this Judgment Entry, it notes that this Judgment Entry does not represent any change to the substance of the parties' Agreed Judgment Entry of Divorce, adopted September 5, 2013, as supplemented with the Court's final determination of child and spousal support issued

October 29, 2013." Thus, given the foregoing language, and the fact that the trial court broadly stated earlier in the November 2014 entry that Mr. Foy's income "for support purposes [was] $66,924 with business expenses of $20,511[,]" we cannot conclude that Mr. Foy has demonstrated that the trial court failed to take into account his business expenses when determining an appropriate spousal support award. Mr. Foy has not pointed to anything in the record that would evidence that the trial court failed to use his net income when determining a spousal support award. *See* App.R. 16(A)(7).

{¶11} To the extent Mr. Foy is challenging within this assignment of error the trial court's failure to consider his 2012 income figures and expenses in fashioning a spousal support award, we likewise determine that argument is also without merit. While Mr. Foy reported, at the October 2012 hearing, an estimated income and expenses for 2012, it is clear that the trial court did not consider his estimate in computing his income and expenses. Mr. Foy has not provided any authority that would require the trial court to consider his estimates in calculating his income, given the particular circumstances of this case related above. *See* App.R. 16(A)(7); *see also Barney v. Barney,* 9th Dist. Summit No. 26855, 2013-Ohio-5407, ¶ 16 (discussing the appropriateness of averaging husband's income when income levels fluctuated and market conditions may have affected income fluctuations); *Krone v. Krone,* 9th Dist. Summit No. 25450, 2011-Ohio-3196, ¶ 18-19. Further, the 2012 tax returns that Mr. Foy has appended to his brief and relied on for parts of his argument on appeal were not part of the record below and cannot be considered by this Court on appeal. *See State v. Earl,* 9th Dist. Lorain No. 12CA010315, 2013-Ohio-3391, ¶ 7. Moreover, the documents are not proper items to be appended to a brief under this Court's local rules. *See* Loc.R. 7(B)(9)(a). Accordingly, the 2012 tax return documents appended to Mr. Foy's brief are stricken.

{¶12}  To the extent Mr. Foy asserts in this assignment of error that the trial court abused its discretion in failing to consider additional business expenses listed on his tax returns as "[e]xpenses for business use of your home[,]" we cannot conclude that Mr. Foy has demonstrated the trial court abused its discretion.  At the hearing, when asked to testify about his 2009, 2010, and 2011 tax returns and the business expenses listed thereon, Mr. Foy did not mention the amounts listed as "[e]xpenses for business use of your home."  Thus, the figures used by the trial court in calculating Mr. Foy's average business expenses were the figures that Mr. Foy testified to at the hearing concerning his 2009, 2010, and 2011 tax returns.  Not once during the hearing does Mr. Foy mention having these additional business expenses that he now claims the trial court should have taken into account in averaging his business expenses.  Given the foregoing, we see nothing unreasonable with the trial court relying on Mr. Foy's testimony about his business expenses when those same numbers were reflected on his tax returns and Mr. Foy did not mention the additional business expenses at the hearing that he now seeks to have included in a calculation of his business expenses.

{¶13}  Mr. Foy's third assignment of error is overruled.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED TO [MR. FOY'S] PREJUDICE AND ABUSED ITS DISCRETION WHEN IT FAILED TO TAKE [MR. FOY'S] BUSINESS EXPENSES INTO ACCOUNT WHEN IT ORDERED [MR. FOY] TO PAY A CHILD SUPPORT OBLIGATION OF $403.83 PLUS 2% PROCESSING CHARGE PER MONTH.

{¶14}  Mr. Foy argues in his second assignment of error that the trial court abused its discretion in failing to take into account his business expenses when calculating its child support award.  Based upon the circumstances of this case and Mr. Foy's limited argument, we do not agree.

**{¶15}** "Decisions regarding child support obligations are within the discretion of the trial court and will not be disturbed without an abuse of discretion." *In re B.P.,* 9th Dist. Summit Nos. 27541, 27542, 2015-Ohio-4352, ¶ 9. "In general, a trial court 'must deduct ordinary and necessary expenses from a parent's gross receipts when calculating the gross income of that self-employed parent.'" *Id.* at ¶ 11*,* quoting *Wenger v. Wenger,* 9th Dist. Wayne No. 02CA0065, 2003-Ohio-5790, ¶ 29; *see also* R.C. 3119.01(C)(7), (C)(9)(a).

**{¶16}** Mr. Foy appears to assert that the trial court failed to deduct business expenses from his income when calculating a child support award. We note that nothing in the record supports that the trial court *completely* failed to consider Mr. Foy's business expenses. As noted above, the trial court specifically stated in its November 2014 judgment entry that, Mr. Foy's income "for support purposes [was] $66,924 with business expenses of $20,511[.]" Further, the child support worksheet attached to the trial court's November 2014 judgment entry includes a $20,511 deduction for ordinary business expenses from Mr. Foy's income.

**{¶17}** Instead, it appears that Mr. Foy's argument is that the trial court should have included the 2012 tax figures/estimates in its calculations and that the trial court should have deducted the amounts listed on Mr. Foy's 2009, 2010, and 2011 tax returns under the heading "[e]xpenses for business use of your home." However, for similar reasons to those discussed in Mr. Foy's third assignment of error, we also conclude these arguments are without merit. Mr. Foy has provided little analysis to support his claim and has pointed to no authority that is directly on point with his factual situation. *See* App.R. 16(A)(7). Mr. Foy has offered no analysis that would indicate the trial court abused its discretion.

**{¶18}** Given the foregoing, we overrule Mr. Foy's second assignment of error.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED TO [MR. FOY'S] PREJUDICE AND ABUSED ITS DISCRETION WHEN IT FAILED TO INCLUDE [MR. FOY'S] SPOUSAL SUPPORT OBLIGATION TO [MS. FOY] AS INCOME FOR [MS. FOY] AND AS AN ADJUSTMENT TO INCOME FOR [MR. FOY] ON LINES 6C AND 10 RESPECTIVELY OF THE CHILD SUPPORT WORKSHEET, WHICH RESULTED IN AN ERRONEOUS CHILD SUPPORT OBLIGATION FOR [MR. FOY] OF $403.83 PLUS 2% PROCESSING CHARGE PER MONTH.

{¶19} Mr. Foy argues in his first assignment of error that the trial court abused its discretion in failing to include Mr. Foy's court-ordered spousal support obligation to Ms. Foy as income to Ms. Foy and as a deduction to Mr. Foy's income for purposes of computing child support. Under the circumstances of this case, we agree.

{¶20} R.C. 3119.05(B) provides that, "[w]hen a court computes the amount of child support required to be paid under a court child support order[,] * * * the amount of any court-ordered spousal support actually paid shall be deducted from the gross income of that parent to the extent that payment under the child support order or that payment of the court-ordered spousal support is verified by supporting documentation." The child support worksheet includes a line (line 10) to account for such deduction. *See* R.C. 3119.022. Moreover, gross income, for purposes of calculating child support, and as defined in R.C. 3119.01(C)(7), includes "spousal support actually received[.]" R.C. 3119.01(C)(7).

{¶21} Mr. Foy argues that the trial court failed to add his court-ordered spousal support payments to Ms. Foy's income on the child support worksheet and failed to deduct those same court-ordered payments from his income on the worksheet. Ms. Foy argues that because the $750 per month spousal support award was ordered in that entry at issue, Mr. Foy could not have made any payments. Thus, Mr. Foy had not demonstrated that he actually paid the $750 per month or that Ms. Foy actually received it. *See* R.C. 3119.05(B), 3119.01(C)(7). Accordingly,

Ms. Foy maintains that Mr. Foy was not entitled to a deduction on the worksheet and the trial court was correct in not adding the ordered support payments to her income on the worksheet.

{¶22} We acknowledge that the statutes use the phrases "actually paid" and "actually received[.]" *See* R.C. 3119.05(B), 3119.01(C)(7). Nonetheless, this Court has previously taken the position that court-ordered spousal support payments should be included in the relevant lines in the child support worksheet. *See Zimon v. Zimon,* 9th Dist. Medina No. 04CA0034-M, 2005-Ohio-271, ¶ 8. In *Zimon*, this Court noted that husband had paid $20,400 in temporary spousal support over a 17-month period. *Id.* at ¶ 3. This would amount to $1200 per month in temporary spousal support. When the trial court issued the final decree, it ordered husband to pay $1600 per month in spousal support, yet it did not include that amount in the child support worksheet as income to wife or a deduction to husband. *See id.* at ¶ 6, 8. Husband then raised this issue on appeal. *Id.* at ¶ 6. In resolving the appeal, we concluded that the trial court erred in failing to include as income to wife, and a deduction to husband, the $1600 per month court-ordered payments. *Id.* at ¶ 8. In other words, we did not order that the trial court include amounts already paid in the worksheet, we concluded the trial court should include the amounts it had just ordered to be paid.

{¶23} The facts of *Zimon* are very similar to the facts of the instant matter. Here, the record contains evidence (in the form of journal entries signed by the trial court) that Mr. Foy made temporary spousal support payments from April 2012 through September 2012. Further, there is no evidence that Mr. Foy was found in contempt for failing to make temporary spousal support payments, and, at the hearing, Mr. Foy testified that he was making the payments. In the final decree, the trial court ordered Mr. Foy to pay Ms. Foy $750 per month in spousal support for 75 months, yet failed to include that court-ordered support in its calculation of child support.

Given our precedent, we conclude that the trial court erred in failing in include as income to Ms. Foy the $750 per month payment and erred in failing to deduct from Mr. Foy's income the same payment. Accordingly, the worksheet should reflect a reduction in Mr. Foy's income of $9000 and an increase in Ms. Foy's income of $9000.

{¶24} This position has been adopted by the Fifth District. In *Worley v. Worley,* 5th Dist. Licking No. 06-CA-63, 2007-Ohio-252, our sister district pointed out the problematic language in the statute, but nonetheless concluded that "child support calculations should include those amounts ordered and anticipated to be paid in the instant, subject order." *Id.* at ¶ 26. The *Worley* court noted that, "[t]o hold otherwise would result in additional proceedings for modification based on the obligor's compliance with the instant, subject order. In the event of noncompliance, contempt of court or modification upward may provide the appropriate remedy." *Id.* Essentially, the *Worley* court appeared to determine that the language "actually paid" and "actually received" addressed those situations in which the support payment related to a prior order, in which case the support would have had to be actually paid or received in order to qualify for inclusion on the worksheet. *See id.* at ¶ 26, fn. 1.

{¶25} In light of the foregoing, we conclude the trial court abused its discretion in failing to include in Ms. Foy's income the $9000 court-ordered spousal support payments and in failing to reduce Mr. Foy's income by the same amount in its child support calculation. The matter is remanded for the trial court to recalculate its child support award to this extent. Mr. Foy's first assignment of error is sustained.

III.

{¶26} Mr. Foy's first assignment of error is sustained and his second and third assignments of error are overruled. The judgment of the Medina County Court of Common

Pleas, Domestic Relations Division is affirmed in part, reversed in part, and the matter is remanded for proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

LAURA L. MILLS and PAUL VINCENT, Attorneys at Law, for Appellant.

DAVID L. MCARTOR and KRISTOPHER K. AUPPERLE, Attorneys at Law, for Appellee.