[Cite as *Doubler v. Doubler*, 2023-Ohio-393.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

AUDRA DOUBLER

    Appellee

    v.

STEVEN G. DOUBLER

    Appellant

C.A. No.    22CA0002-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    19DR0463

DECISION AND JOURNAL ENTRY

Dated: February 10, 2023

SUTTON, J.

**{¶1}** Defendant-Appellant Steven G. Doubler appeals the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, which granted him a divorce from Plaintiff-Appellee, Audra G. Doubler, and ordered Mr. Doubler to pay spousal and child support. For the reasons that follow, this Court affirms in part and reverses in part.

I.

**{¶2}** The parties were married on June 27, 2008, and had two minor children together: A.D., born in May 2009, and P.D. born in August 2011. Ms. Doubler filed a complaint for divorce on October 22, 2019. Along with her complaint for divorce, she filed a motion for exclusive occupancy of the marital residence. Mr. Doubler filed an answer to the complaint, along with a counterclaim for divorce, on November 15, 2019.

**{¶3}** On December 9, 2019, the parties reached a voluntary agreement with regard to parenting time and occupancy of the marital residence. On January 22, 2020, the magistrate issued

temporary orders ordering Mr. Doubler to pay child support to Ms. Doubler. The order did not contain an award of spousal support to Ms. Doubler.

{¶4} A trial commenced on October 21, 2020. After taking testimony of the Guardian ad Litem and three other witnesses, the parties recessed. The next day, on October 22, 2020, the parties indicated on the record that they reached an agreement on some of the issues, and entered into an agreed judgment entry of divorce, a shared parenting plan, and a separation agreement. The only issues left to be resolved were spousal support and child support. The trial court issued an order asking the parties to submit briefs on both issues and stated it would then issue a ruling on the remaining issues.

{¶5} On April 28, 2021, the parties amended their separation agreement with respect to the division of property and certain debts. The judgment entry of divorce, shared parenting plan, and original separation agreement the parties entered into on October 22, 2020, were journalized on May 28, 2021. The May 28, 2021 order also included the trial court's rulings on spousal support and child support.

{¶6} On June 30, 2021, Mr. Doubler filed a notice of appeal along with a motion to stay the trial court's enforcement of the May 28, 2021 order. This Court dismissed the appeal for lack of a final and appealable order pursuant to Civ.R. 75(F).

{¶7} On remand, the trial court issued an order entitled "Final Judgment Entry Re: Child Support and Spousal Support with Incorporations by Reference" on December 20, 2021. The trial court subsequently issued a nunc pro tunc judgment entry on December 28, 2021, to correct an oversight in the December 20, 2021 judgment entry. The child support worksheet was not attached to the December 20, 2021 entry. The child support worksheet was attached to the December 28, 2021 judgment entry.

{¶8} It is from that final entry that Mr. Doubler appeals, assigning fourteen errors for our review. We have reordered and regrouped certain assignments of error to facilitate our analysis.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT FAILED TO PROVIDE FOR A FINAL APPEALABLE ORDER, AND THEREBY DIVESTING THIS HONORABLE COURT WITH JURISDICTION.**

{¶9} In his first assignment of error, Mr. Doubler argues the December 28, 2021 final judgment entry is not a final and appealable order, thereby divesting this Court of jurisdiction. We disagree.

{¶10} Civ.R. 75(F)(2) provides that a trial court: "shall not enter final judgment as to a claim for divorce, *** unless ***: (2) Issues of property division, spousal support, and allocation of parental rights and responsibilities or shared parenting have been finally determined in orders, previously entered by the court, that are *incorporated* into the judgment[.]" (Emphasis added.)

{¶11} Here, the December 28, 2021 judgment entry states:

> Pursuant to Civ.R. 75(F), the [c]ourt hereby incorporates by reference into this Judgment Entry, as if fully rewritten herein, the agreed Judgment Entry journalized April 21, 2021. *Keith v. Keith*, 9th Dist. Lorain No. 09CA009657, 2010-Ohio-1085 (domestic relations court is permitted to issue separate decisions upon various issues, so long as the determinations are incorporated into one final judgment per Civil Rule 75(F)(2)). The [c]ourt further incorporates by reference into this Judgment Entry as if fully rewritten herein, the Judgment Entry of Divorce, Separation Agreement and Shared Parenting Plan, which were journalized May 28, 2021.

The record shows the trial court's final judgment entry included sufficient incorporation by reference language to incorporate the judgment entry of divorce, the separation agreement, and the shared parenting plan to make the order a final and appealable order. As the trial court correctly noted, "a domestic court is permitted to issue separate decisions upon various issues, these

determinations must all be incorporated into one final judgment." *Keith at* ¶ 6. We note that this incorporation language included in the December 28, 2021 judgment entry was not included in the May 28, 2021 judgment entry that formed the basis for Mr. Doubler's first appeal.

{¶12} Mr. Doubler's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED IN DETERMINING THE PARTIES' RESPECTIVE INCOME FOR PURPOSES OF DETERMINING AN APPROPRIATE AND REASONABLE SUPPORT OBLIGATION[].**

## ASSIGNMENT OF ERROR V

**THE TRIAL COURT ERRED BY NOT CONSIDERING THE APPLICABLE R.C. 3105.18(C)(1) FACTORS COLLECTIVELY REQUIRED TO BE CONSIDERED IN DETERMINING THE APPROPRIATE AND REASONABLENESS OF AN AMOUNT AWARDED FOR SPOUSAL SUPPORT.**

## ASSIGNMENT OF ERROR VI

**THE TRIAL COURT ERRED BY NOT CONSIDERING THE APPLICABLE R.C. 3105.18(C)(1) FACTORS COLLECTIVELY REQUIRED TO BE CONSIDERED IN DETERMINING THE APPROPRIATE AND REASONABLE DURATION OF A SPOUSAL SUPPORT AWARD.**

{¶13} In his second, fifth, and sixth assignments of error, Mr. Doubler argues the trial court erred in determining the parties' income for the purposes of calculating spousal support. For the reasons that follow, we agree.

{¶14} "This Court reviews a trial court's award of spousal support under an abuse of discretion standard." *Krone v. Krone*, 9th Dist. Summit No. 25450, 2011-Ohio-3196, ¶ 8; *see also Brubaker v. Brubaker*, 9th Dist. Summit No. 22821, 2006-Ohio-1035, ¶ 7, citing *Pauly v. Pauly*, 80 Ohio St.3d 386, 390 (1997); *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). An abuse of

discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶15}** R.C. 3105.18(C)(1) states:

In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court *shall* consider *all* of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

(Emphasis added.)

{¶16}  The record shows the trial court, in its final judgment entry, considered all of the factors under R.C. 3105.18(C)(1)(a-n).  However,  R.C. 3105.18(C)(1)(a), requires that the trial court "*shall* consider *** the income of the parties, from *all* sources[.]"  (Emphasis added.)  The record shows the trial court erred and did not consider *all* sources of Ms. Doubler's income.

{¶17}  After reaching an agreement on the shared parenting plan and separation agreement, the trial court asked the parties to brief the issue of spousal support.  In Ms. Doubler's brief, she stated that her "earnings from her *three* positions total $42,362.84 per year."  Her brief stated that she earned $36,400 at her full-time job, plus she also maintained part-time jobs at Select Employment Services and Medina Hospital that constituted the additional income.  In its final judgment entry, the trial court wrote: "[Ms. Doubler] is employed and earns $36,400 annually."  This statement by the trial court is incorrect and not reflective of the record.

{¶18}  With regard to the calculation of Mr. Doubler's income, in his brief to the trial court, he stated: "[i]n the summer of 2020, Husband was drowning in debt and took a once in a life job opportunity earning $100,000 per year.  He earns an additional $6,127.31 in the Air Force Reserves."  Despite being aware that his new job did not start until the summer of 2020, the trial court used Mr. Doubler's annual salary at his new position as it's calculation for the entire year, even though Mr. Doubler did not earn that amount.  He only held that position for approximately the last half of the year, and the trial court did not consider his income from his prior employer for the first half of the year.  Therefore, the trial court incorrectly considered the sources of Mr. Doubler's income for 2020.

{¶19} This Court has previously held that a failure to consider income from all sources, pursuant to R.C. 3105.18(C)(1)(a), constituted an abuse of discretion. *C.S. v. M.S.*, 9th Dist. Summit No. 29070, 2019-Ohio-1876, ¶ 12-13 (A trial court's exclusion of bonus income from spousal support calculation constituted an abuse of discretion because the trial court failed to consider income from all sources.). This Court concludes, therefore, because the trial court did not consider all sources of Ms. Doubler's income, this constituted an abuse of discretion.

{¶20} Mr. Doubler's second, fifth, and sixth assignments of error are sustained.

### ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED BY INCORRECTLY DETERMINING THE PARTIES' RESPECTIVE INCOME WHEN CALCULATING THE CHILD SUPPORT OBLIGATION.**

### ASSIGNMENT OF ERROR VIII

**THE TRIAL COURT FAILED TO APPROPRIATELY CREDIT AND/OR OTHERWISE INCLUDE THE SPOUSAL SUPPORT AWARD/OBLIGATION WITHIN THE CHILD SUPPORT GUIDELINES.**

{¶21} In his third and eighth assignments of error, Mr. Doubler argues the trial court erred in calculating the parties' income when calculating child support. For the reasons that follow, we agree.

{¶22} "[A] trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion." *Berthelot v. Berthelot*, 9th Dist. Summit No. 21345, 2003-Ohio-4519, ¶ 6, quoting *Pauly, supra*, citing *Booth, supra*. An abuse of discretion is more than an error of judgment but instead connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore, supra.* When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990).

{¶23} R.C. 3119.05(B) provides, "[w]hen a court computes the amount of child support required to be paid under a court child support order [,] * * * the amount of any court-ordered spousal support actually paid *shall be deducted from the gross income of that parent* to the extent that payment under the child support order or that payment of the court-ordered spousal support is verified by supporting documentation." (Emphasis added.) The child support worksheet includes a line (line 10) to account for such deduction. Moreover, gross income, for purposes of calculating child support, and as defined in R.C. 3119.01(C)(7), includes "spousal support actually received [.]" R.C. 3119.01(C)(7).

{¶24} Here, the child support worksheet does not include a deduction for the payment of spousal support to the income of Mr. Doubler and does not include a credit to the income of Ms. Doubler for spousal support received. This Court has held that a trial court's failure to credit as income spousal support paid to an obligee and deduct spousal support from an obligor on a child support worksheet constitutes an error by the trial court. *See Foy v. Foy*, 9th Dist. Medina No. 14CA0113-M, 2016-Ohio-242, ¶ 23 ("[W]e conclude that the trial court erred in failing [to] include as income to Ms. Foy the $750 per month payment and erred in failing to deduct from Mr. Foy's income the same payment.") Therefore, Mr. Doubler's arguments that the trial court erred when calculating the parties' income when determining the child support obligation are well taken.

{¶25} Mr. Doubler's third and eighth assignments of error are sustained.

## ASSIGNMENT OF ERROR IV

**THE TRIAL COURT VIOLATED [MR. DOUBLER]'S DUE PROCESS BY RETROACTIVELY MODIFYING A TEMPORARY SUPPORT OBLIGATION.**

{¶26} In his fourth assignment of error, Mr. Doubler argues that the trial court erred by retroactively modifying both his spousal support and child support obligations. For the reasons that follow, we disagree.

{¶27} A review of the record shows that no support was ever retroactively modified by the trial court, and Mr. Doubler incorrectly characterizes the final judgment entry on appeal. The record shows that no temporary spousal support obligation was ever ordered by the trial court. Ms. Doubler's first motion for temporary orders included a request for spousal support, but she later withdrew that request before the trial court ordered any spousal support. Further, when the trial court did order spousal support in the final judgment entry, it did so "effective the date of this [j]udgment [e]ntry[.]" Additionally, while the trial court did issue a temporary order for child support, the final judgment entry clearly states that the new child support order is effective October 22, 2020, and did not contain any retroactive modification of Mr. Doubler's child support obligation.

{¶28} Mr. Doubler's fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR VII

**THE TRIAL COURT ERRED BY NOT CONSIDERING THE TEMPORARY SUPPORT ORDERS PAID DURING THE TWO (2) YEARS THAT THIS MATTER WAS PENDING WHEN DETERMINING AN APPROPRIATE AND REASONABLE []DURATION OF A SPOUSAL SUPPORT AWARD.**

{¶29} In his seventh assignment of error, Mr. Doubler argues the trial court erred in not considering the temporary spousal support paid during the pendency of the case.

{¶30} A review of the record shows that the trial court did not order any temporary support during the pendency of this matter. The trial court awarded Ms. Doubler child support, but never ordered Mr. Doubler to pay spousal support to Ms. Doubler. Because the record indicates that no orders for temporary spousal support were issued during the pendency of this matter, Mr. Doubler's argument is without factual basis.

{¶31} Mr. Doubler's seventh assignment of error is overruled.

## ASSIGNMENT OF ERROR IX

**THE TRIAL COURT FAILED TO ADHERE TO THE MANDATORY REQUIREMENTS OF R.C. 3119.051(A) AND 3119.231(A).**

## ASSIGNMENT OF ERROR X

**THE TRIAL COURT FAILED TO ADHERE TO THE MANDATORY FINDINGS OF R.C. 3119.231(B).**

{¶32} In his ninth and tenth assignments of error, Mr. Doubler argues that the trial court erred in both failing to provide him with his statutorily entitled automatic deviation, and also failing to provide the facts that formed the basis for the trial court's failure to grant him a deviation when his overnights exceeded 147 overnights per year. For the reasons that follow, we agree.

{¶33} R.C. 3119.051(A) states:

Except as otherwise provided in this section, a court or child support enforcement agency calculating the amount to be paid under a child support order *shall* reduce by ten per cent the amount of the annual individual support obligation for the parent or parents when a court has issued or is issuing a court-ordered parenting time order that equals or exceeds ninety overnights per year. This reduction may be in addition to the other deviations and reductions.

(Emphasis added.)

{¶34} R.C. 3119.231 states:

(A) If court-ordered parenting time exceeds ninety overnights per year, the court shall consider whether to grant a deviation pursuant to section 3119.22 of the Revised Code for the reason set forth in division (C) of section 3119.23 of the

Revised Code. This deviation is in addition to any adjustments provided under division (A) of section 3119.051 of the Revised Code.

(B) If court-ordered parenting time is equal to or exceeds one hundred forty-seven overnights per year, and the court does not grant a deviation under division (A) of this section, it shall specify in the order the facts that are the basis for the court's decision.

{¶35} Here, the record shows the parties agreed to a shared parenting plan where parents shared custody on a week on, week off basis. Therefore, Mr. Doubler's overnights with his children exceeded 147 overnights per year. The record also indicates that the trial court failed to grant Mr. Doubler the automatic ten percent reduction he was entitled to pursuant to R.C. 3119.051(A). Further, the record shows the trial court did not grant Mr. Doubler a deviation under R.C. 3119.231(A) and did not in the final order state facts that formed the trial court's basis for the decision not to grant Mr. Doubler a deviation. Therefore, Mr. Doubler's arguments with respect to his ninth and tenth assignments of error are well taken.

{¶36} Mr. Doubler's ninth and tenth assignments of error are sustained.

## ASSIGNMENT OF ERROR XI

**THE TRIAL COURT ERRED BY NOT DEVIATING FORM THE CHILD SUPPORT GUIDELINES IN ACCORDANCE WITH R.C. 3119.22.**

## ASSIGNMENT OF ERROR XII

**THE TRIAL COURT ERRED BY NOT PROPERLY CONSIDERING THE DEVIATION FACTORS SET FORTH WITHIN R.C. 3119.23.**

{¶37} In his eleventh and twelfth assignments of error, Mr. Doubler argues the trial court erred by not granting a deviation pursuant to R.C. 3119.22 after considering the factors enumerated in R.C. 3119.23. Because our resolution of the third, eighth, ninth, and tenth assignments of error necessitates that the trial court revisit its calculation of child support, consideration of the eleventh and twelfth assignments of error are rendered premature, and as such we decline to address them.

## ASSIGNMENT OF ERROR XIII

**THE TRIAL COURT ERRED BY NOT PROPERLY RECOGNIZING THE PARENT PROVIDING HEALTH INSURANCE IN CONTRAST TO THE MANDATES SET FORTH WITHIN R.C. 3119.30.**

**{¶38}** In his thirteenth assignment of error, Mr. Doubler argues the trial court erred in designating Ms. Doubler the health insurance obligor. For the reasons that follow, we disagree.

**{¶39}** R.C. 3119.30(B) states: "[t]he child support obligee is *rebuttably presumed* to be the appropriate parent to provide health insurance coverage for the children subject to the child support order." (Emphasis added.)

**{¶40}** Here, Mr. Doubler did not make an argument in his brief to the trial court on spousal and child support that he should be the one to continue to provide health insurance. His brief to the trial court merely states: "[Mr. Doubler] pays for the health insurance and each party provided their own childcare." He did not make any arguments to rebut the presumption that Ms. Doubler should be the party to provide health insurance for the children and is raising the issue for the first time on appeal. "[A] litigant's failure to raise an issue in the trial court waives the litigant's right to raise that issue on appeal." *Shover v. Cordis Corp.*, 61 Ohio St.3d 213, 220 (1991), overruled on other grounds in *Collins v. Sotka*, 81 Ohio St.3d 506 (1998). Therefore, the trial court did not err in utilizing the presumption that Ms. Doubler would be the appropriate parent to provide health insurance coverage and designating Ms. Doubler the health insurance obligor.

**{¶41}** Mr. Doubler's thirteenth assignment of error is overruled.

**ASSIGNMENT OF ERROR XIV**

**THE TRIAL COURT ERRED BY ORDERING MORE CHILD SUPPORT AND SPOUSAL SUPPORT THAN REQUESTED BY THE SUPPORT OBLIGEE ([MS. DOUBLER]).**

{¶42} In his fourteenth assignment of error, Mr. Doubler argues the trial court erred in granting Ms. Doubler more spousal support and child support than she requested in her brief to the trial court on the issue. Because our resolution of the second, third, fifth, sixth, eighth, ninth, and tenth assignments of error necessitates that the trial court revisit its calculation of spousal support and child support, consideration of the fourteenth assignment of error is rendered premature, and as such we decline to address it.

### III.

{¶43} Mr. Doubler's second, third, fifth, sixth, eighth, ninth, and tenth assignments of error are sustained. His first, fourth, seventh, and thirteenth assignments of error are overruled. This Court declines to address his eleventh, twelfth, and fourteenth assignments of error as they have been rendered premature. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part and this matter is remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

---

BETTY SUTTON
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶44} I concur that this Court has jurisdiction under Assignment of Error I and concur with reversing and remanding the issues of child support and spousal support. I would find the remaining assignments of error moot as all the issues are intertwined with the proper calculation of income and award of spousal and child support.

{¶45} I concur in judgment only.

APPEARANCES:

RICHARD J. STAHL, III and EDWARD R. JANSEN, Attorneys at Law, for Appellant.

KRISTOPHER AUPPERLE, Attorney at Law, for Appellee.