[Cite as *Nguyen v. Coy*, 2017-Ohio-4164.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

LIEN NGUYEN

    Appellant

    v.

MICHAEL COY

    Appellee

C.A. No.    28308

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2014-09-2667

DECISION AND JOURNAL ENTRY

Dated: June 7, 2017

TEODOSIO, Judge.

{¶1} Appellant, Lien Nguyen, appeals from the decree of divorce entered by the Summit County Court of Common Pleas Domestic Relations Division that found spousal support was not appropriate and reasonable. We reverse and remand.

I.

{¶2} In May 2016, a trial was conducted as to the divorce of Ms. Lien Nguyen and Mr. Michael Coy. On June 29, 2016, the trial court entered its decree of divorce, granting a divorce on the grounds of incompatibility, and finding that spousal support was not appropriate and reasonable. Ms. Nguyen now appeals, raising one assignment of error.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT SPOUSAL SUPPORT WAS NOT REASONABLE AND APPROPRIATE.

**{¶3}** Ms. Nguyen argues the trial court abused its discretion in determining that spousal support was not reasonable and appropriate. We agree. We note that Ms. Nguyen presents us with two separate arguments as to why the trial courts determination was an abuse of discretion: first, that the court erred in its application of law as to the relative income of the parties, and second, that the court erred in determining the actual income of the parties. Because we conclude the trial court abused its discretion with regard to the first issue, we decline to address Ms. Nguyen's second line of argument.

**{¶4}** A trial court's award of spousal support is reviewed for an abuse of discretion. *Organ v. Organ*, 9th Dist. Summit No. 26904, 2014–Ohio–3474, ¶ 6. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶5}** "In determining whether spousal support is appropriate and reasonable," the court shall consider the factors listed in Section 3105.18(C)(1)(a-n). R.C. 3105.18(C)(1). One of the factors that a court must consider in determining spousal support is the "relative earning abilities of the parties." R.C. 3105.18(C)(1)(b).

**{¶6}** Ms. Nguyen argues that the trial court erred in its application of law in determining the relative earning abilities of the parties. In the Decree of Divorce, the trial court stated: "Because each party is considered, by statute to have contributed equally to the production of marital income and requisition of assets, the Court finds that the parties have equal earning abilities." At oral argument, Mr. Coy conceded that this is a misstatement of law, but suggested it was harmless error.

**{¶7}** In concluding that the relative earning abilities of the parties are equal, the trial court misapplied R.C. 3105.18(C)(2), which provides: "In determining whether spousal support is reasonable and in determining the amount and terms of payment of spousal support, each party shall be considered to have contributed equally to the production of marital income." R.C. 3105.18(C)(2) goes to the issue of the production of marital income, and does not apply to relative earning abilities. Because the trial court misapplied the law, and consequently failed to consider the evidence before it on the issue of relative earning potential, the ruling of the trial court was arbitrary and the court therefore abused its discretion with regard to its spousal support analysis. As the relative earning ability of the parties is one of the factors that must be considered in the determination of spousal support, the misapplication of the law was not harmless error.

**{¶8}** For the reasons set forth above, Ms. Nguyen's assignment of error is sustained.

III.

**{¶9}** The judgment of the Summit County Court of Common Pleas Domestic Relations Division is reversed, and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed
and cause remanded

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

RANDAL A. LOWRY, Attorney at Law, for Appellant.

KENNETH L. GIBSON, Attorney at Law, for Appellant.

LESLIE S. GRASKE, Attorney at Law, for Appellee.