[Cite as *C.S. v. M.S.*, 2019-Ohio-1876.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

C. S.

    Appellant

    v.

M. S.

    Appellee

C.A. No.     29070

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DR-2017-03-0889

DECISION AND JOURNAL ENTRY

Dated: May 15, 2019

HENSAL, Judge.

{¶1} C.S. ("Wife") appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. For the reasons that follow, this Court reverses and remands for further proceedings.

I.

{¶2} This domestic-relations appeal involves a dispute over Wife's spousal-support award, as well as the trial court's property division relative to the parties' two Ford Mustangs. We will begin with a review of the facts relative to the trial court's spousal-support award.

{¶3} M.S. ("Husband") and Wife were married for over 25 years and share two adult children. Wife stayed home to care for the children while they were young, but returned to work fulltime in the Springfield School System in 2011. Wife has held various positions within the school system, but is currently a teacher's aide. Despite having obtained a summer job in the past, Wife testified that she is not currently looking for summer employment. As of the date of

trial, Wife had a three-year average income of $16,424, which included income from the year she worked during the summer months. She testified that her monthly expenses are about $3,000, and that she makes a little over $700 per month.

{¶4} Husband, on the other hand, has worked 10-12 hour days year round for over 25 years. As of the date of trial, Husband was a sales manager with a three-year average income of $146,855, which included income he received from bonuses.

{¶5} For purposes of determining spousal support, the trial court imputed an annual income of $102,003.20 to Husband, which did not include his income from bonuses. In deciding not to include Husband's bonus income, the trial court stated:

> [Husband] shall not be required to pay a portion of his bonus which is his employer's reward for the extra time and effort [Husband] puts in on the job. It would be inherently unfair for [Wife] who works 186 schools days (which are less than the normal eight hour working day) per year to reap the benefit of [Husband], who puts in twelve hour days year round. In order to balance that inequity, this Court shall "level the playing field" by imputing income to [Wife] based on her 2016 income in which she worked a second job during the summer, and not including [Husband]'s bonuses. It is also noted that [Husband]'s bonuses are only for nine months of the year, and pursuant to this Decree of Divorce, [Husband] will be paying the same amount to [Wife] each month. If the bonus income were included, [Husband] would be paying more in spousal support some months than he himself would take home, which is not equitable.

The trial court then imputed an annual income of $20,000 to Wife, and awarded her spousal support in the amount of $2,916.67 per month.

{¶6} We now turn to the facts as they relate to the parties' two Ford Mustangs. There was no dispute at trial that the parties purchased the 1966 and 1967 Mustangs with marital funds, that Husband spent time and energy restoring them, and that Husband could keep them, provided that he paid Wife for her portion of those vehicles. The parties agreed that they purchased the 1967 Mustang for $20,000, but did not agree on the purchase price of the 1966 Mustang. Wife

admitted that she was unsure of the price, but thought they paid $6,000. Husband disagreed, testifying that they purchased it for $8,000.

{¶7} Wife testified that the 1966 and 1967 Mustangs were appraised and valued at $13,000 and $38,000, respectively. Husband testified that he could "go with" the appraisal of $13,000 for the 1966 Mustang, but that he believed the 1967 Mustang was probably worth $35,000, not $38,000. Wife testified that Husband used marital funds to restore the Mustangs; Husband did not challenge her testimony in this regard or provide testimony to the contrary.

{¶8} The trial court accepted Husband's testimony (to Wife's benefit) regarding the purchase price of the 1966 Mustang, and awarded Wife $14,000, which is half of the total purchase price for the Mustangs. The trial court found that Husband "did all the work to restore the vehicles, and while [Wife] testified that the costs to restore came from the parties' joint bank account during the marriage, she did not provide any proof of marital funds used to enhance the value of the vehicles. Therefore, [Husband] should not have to pay to [Wife] an increase in appraised value that was due to his sole efforts."

{¶9} Wife now appeals the trial court's judgment, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING THE AMOUNT AWARDED IN SPOUSAL SUPPORT TO WIFE.

{¶10} In her first assignment of error, Wife argues that the trial court erred in determining her spousal-support award. We agree.

{¶11} "This Court reviews a trial court's award of spousal support under an abuse of discretion standard." *Wells v. Wells*, 9th Dist. Summit No. 25557, 2012-Ohio-1392, ¶ 22. "An

abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling." *Nguyen v. Coy*, 9th Dist. Summit No. 28308, 2017-Ohio-4164, ¶ 4, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶12} Wife makes several arguments in support of her position that the trial court erred in determining Husband's spousal-support obligation. First, she argues that – pursuant to Revised Code Section 3105.18(C) – the trial court was required to, but did not, consider Husband's income from all sources (i.e., his bonus income), and to consider that each party contributed equally to the production of marital income. R.C. 3105.18(C)(1)(a) and R.C. 3105.18(C)(2). To that end, she argues that the trial court abused its discretion by awarding her spousal support based upon Husband's income of $102,000 when his average income over a three-year period, inclusive of bonuses, was $146,855, and by finding that it would be inequitable for her to benefit from Husband's bonus income, which is his employer's reward for the extra time and effort Husband puts in on the job.

{¶13} As Wife points out, Section 3105.18(C)(2) provides that, "[i]n determining whether spousal support is reasonable and in determining the amount and terms of payment of spousal support, each party *shall* be considered to have contributed equally to the production of marital income." (Emphasis added.) Here, as previously noted, the trial court excluded Husband's bonus income from its spousal-support calculation, finding that "[Husband] shall not be required to pay a portion of his bonus which is his employer's reward for the extra time and effort [Husband] puts in on the job." As Wife suggests, this finding conflicts with Section 3105.18(C)(2), which mandates that each party "shall be considered to have contributed equally to the production of marital income." This misapplication of the law resulted in an abuse of discretion. *See Nguyen* at ¶ 7 ("Because the trial court misapplied the law * * * the ruling of the

trial court was arbitrary and the court therefore abused its discretion with regard to its spousal support analysis."). Because we find merit in Wife's argument in this regard, we decline to address the merits of Wife's remaining arguments in support of her first assignment of error. *Id.* at ¶ 3. Wife's first assignment of error is sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ITS VALUATION OF THE PARTIES' FORD MUSTANGS AND ITS PROPERTY DIVISION AWARD RELATIVE TO THE SAME.

**{¶14}** In her second assignment of error, Wife argues that the trial court erred in its division of marital property relative to the parties' two Ford Mustangs. For the reasons that follow, we agree.

**{¶15}** "We review a property division in a divorce proceeding to determine whether the trial court abused its discretion." *Stepp v. Stepp*, 9th Dist. Medina No. 03CA0052-M, 2004-Ohio-1617, ¶ 10. As previously noted, the trial court ordered Husband to pay Wife $14,000 as her portion of the Ford Mustangs, which is half of the amount the parties purchased them for. Wife argues that the trial court erred by using the cost of the vehicles, as opposed to their appraised value, and by finding that she failed to provide any proof that marital funds were used to enhance the value of the vehicles. Regarding the latter point, she argues that it was Husband's duty to prove that non-marital funds were used to restore the vehicles, not her duty to prove that marital assets were used.

**{¶16}** "When parties contest whether an asset is marital or separate property, the asset is presumed marital property unless it is proven otherwise." *Lindsey v. Lindsey*, 10th Dist. Franklin No. 15AP-733, 2016-Ohio-4642, ¶ 13, citing *Dach v. Homewood*, 10th Dist. Franklin No. 14AP–502, 2015–Ohio–4191, ¶ 33. Thus, "[t]he spouse seeking to have certain property declared

separate property bears the burden of proving that the property is separate, not marital, property." *Id.*, citing *Alderman v. Alderman,* 10th Dist. Franklin No. 10AP–1037, 2011–Ohio–3928, ¶ 23.

{¶17} Initially, we note that Husband did not challenge Wife's testimony at trial that the parties used marital funds to restore the Mustangs, nor did he provide any testimony that would indicate otherwise. The trial court found, however, that Wife failed to prove that marital funds were used to enhance the value of the Mustangs, and that Husband should not have to pay Wife for the increase in their value, which was occasioned by Husband's sole efforts. This finding ignores the presumption that an asset – which includes its appreciation in value – is marital property unless proven otherwise. *Lindsey* at ¶ 13; *see Salmon v. Salmon*, 9th Dist. Summit No. 22745, 2006-Ohio-1557, ¶ 11, citing *Middendorf v. Middendorf*, 82 Ohio St.3d 397, 400 (1998) (stating that – even when considering separate property – "when the efforts of one spouse contribute to the active appreciation of the asset, the increased value is characterized as marital property and subject to division."). We, therefore, find that the trial court erred by finding that Wife failed to prove that marital funds were used to enhance the value of the Mustangs and, relatedly, that she should not benefit from their appreciation in value. In making this determination, however, we will not decide in the first instance whether the monetary division of the Mustangs should be based on cost or appraised value. Thus, the trial court erred to the extent that its decision to use the cost of the Mustangs was premised upon its determination that Wife failed to prove that marital funds were used to enhance the value of those vehicles. Wife's second assignment of error is sustained.

III.

**{¶18}** Wife's assignments of error are sustained.  The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed, and the cause is remanded for further proceedings.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.


JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

CORINNE HOOVER SIX and TAD ORVAL HOOVER, Attorneys at Law, for Appellant.

HANK F. MEYER, Attorney at Law, for Appellee.