[Cite as *Hatfield v. Hatfield*, 2023-Ohio-289.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STEFANIE L. HATFIELD | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 22 CAF 07 0055 |
| JASON A. HATFIELD | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Delaware County Court of Common Pleas, Domestic Relations Division, Case No. 20 DR A 01 0049

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     January 31, 2023

APPEARANCES:

For Plaintiff-Appellee

C. GUSTAV DAHLBERG
Babbitt & Dahlberg Law, LLC
4400 N. High Street – Suite 415
Columbus, Ohio 43214

For Defendant-Appellant

JEFFREY W. SHARP
21 Middle Street
P.O. Box 248
Galena, Ohio 43021

*Hoffman, J.*

{¶1} Defendant-appellant Jason A. Hatfield ("Husband") appeals the June 7, 2022 Judgment Entry entered by the Delaware County Court of Common Pleas, Domestic Relations Division, which overruled his objections to the magistrate's August 31, 2021 decision and approved and adopted said decision as order of the court. Plaintiff-appellee is Stephanie L. Hatfield ("Wife").

STATEMENT OF THE FACTS AND CASE

{¶2} Husband and Wife were married on June 27, 2009. Two children were born as issue of said union. Wife filed a complaint for divorce on January 22, 2020. Husband filed an answer on March 2, 2020.

{¶3} The matter proceeded to trial on June 21, 22, and 23, 2021. The following evidence was adduced at trial.

{¶4} The parties owned real property located at 3428 Berlin Station Road, Delaware, Ohio ("Marital Residence"). The Marital Residence was purchased during the marriage. Husband and Wife both maintained they utilized his/her separate property funds towards the down payment on the Marital Residence. However, neither party presented evidence to establish the amount of the funds he/she contributed towards the down payment. In December, 2019, the Marital Residence was appraised at $515,000. Following an updated appraisal in May, 2021, the Marital Residence was appraised at $620,000, based upon market conditions and comparable sales at that time. There were two mortgages on the Marital Residence at the time of trial: Huntington Bank mortgage 1809 with a balance of $197,607.50; and Huntington Bank mortgage 1858 with a balance of $39,1721. There were also two tax liens on the Marital Residence, which are related

to 2016 and 2017 tax debts: the 2016 tax lien in the amount of $27,648; and the 2017 tax lien in the amount of $53,622.

**{¶5}** At the time of trial, Wife was employed by Institutional Pharmacy Solutions, earning $58.50/hour and working full-time. Husband was self-employed, operating Jason Hatfield Automotive, LLC ("Hatfield Automotive"). Husband's 2018, and 2019 income tax returns were admitted into evidence. Husband confirmed the tax returns accurately reflected the income he earned from Hatfield Automotive during those years. Husband testified he was also working as a mortgage broker on behalf of Longstreet Financial. Husband stated he works approximately 40-hours/week in this capacity, but was unable to offer any testimony relative the income he earns relative thereto. At the same time, Husband continued to work approximately 30 hours/week for Hatfield Automotive.

**{¶6}** Husband operated Hatfield Automotive for approximately 14 years. Husband operated the business as a used car lot prior to the marriage, but he transitioned to selling new and used recreational vehicles ("RVs") sometime after the marriage. Husband incorporated Hatfield Automotive as a Limited Liability Company ("LLC") on June 28, 2010, after the marriage. Husband reported 100% of the income from Hatfield Automotive on his tax return. No evidence was presented as to the value of Hatfield Automotive prior to the marriage. Husband testified he believed the value of the business prior to the marriage was $100,000, but did not provide any documentary evidence in support. Husband testified he and his mother, Barb Hatfield, operated Hatfield Automotive as partners although there was no partnership agreement or other document evidencing their agreement or interest in the business.

**{¶7}** Brian Russell, Wife's expert, reviewed the most recent three to four years of tax returns and financial statements, which were compiled by the company's outside CPA. Financial documents for 2020, had not been completed. Russell indicated the records provided the most complete and accurate picture available of Hatfield Automotive's finances and its present value. Based upon his review of this information, Russell concluded Hatfield Automotive had a liquidation value of $97,672. Husband did not offer any evidence or testimony to rebut Russell's valuation, nor call his own expert to provide an alternative valuation. Husband's mother, who worked for Hatfield Automotive, testified the liabilities of the company were in excess of $834,456.40.

**{¶8}** During the parties' marriage, Husband operated Fieldson Construction ("Fieldson"). Husband was the sole owner of Fieldson. The only asset Fieldson had was a Chase Bank account with a balance of $191,546.00, as of May 29, 2020 ("Fieldson account"). Husband did not provide any testimony or documentation relative to the value of Fieldson beyond the funds in the Fieldson account. Husband indicated the funds in the Fieldson account were "borrowed." However, Husband did not present any documentation to corroborate the existence of any loans made to Fieldson. Husband is the only individual with access to the Fieldson account. Husband testified he used the Fieldson account for various marital expenses, including payments of the mortgage on the Marital Residence and other personal expenses.

**{¶9}** Husband is the titled owner of real property located at 626 Streamwater Drive, Blacklick, Ohio ("Streamwater Property"), which was valued at $180,800, at the time of trial. Husband used funds borrowed from Hatfield Automotive to purchase the

Streamwater Property. Husband did not present any evidence of a loan associated with the purchase of the Streamwater Property.

**{¶10}** In January, 2020, Husband purchased real property located at 3472 Silverstone Court, Plant City, Florida ("Florida Property"), for $253,000. Husband testified he purchased the Florida Property for business purposes. The Florida Property was titled in Husband's individual name and the mortgage against the property is in Husband's individual name. The balance on the mortgage was $201,834.62, as of May, 2020. Husband stated the down payment for the Florida Property came from "borrowed funds," but did not present any evidence of the source of the funds and did not indicate whether he had a personal obligation to repay the funds.

**{¶11}** Wife owns the following retirement accounts: a Prudential Cigna 401(k) account with an approximate balance of $194,365; a Mass Mutual 401(k) account with an approximate balance of $20,709; and a MedCo cash balance plan with an approximate balance of $12,956. Wife also owns a Fidelity account with an approximate balance of $17,305. Husband owns a TD Ameritrade account with an approximate balance of $25,531.

**{¶12}** At the close of evidence, the magistrate instructed the parties to file written closing arguments by July 2, 2021. Via Decision filed August 31, 2021, the magistrate granted Wife a divorce from Husband, divided the parties' marital assets and liabilities, ordered shared parenting, and determined neither party should pay the other child or spousal support. On September 10, 2021, Husband filed a motion for extension of time to file objections. The trial court granted Husband's request and ordered him to file his

objections on or before September 28, 2021.  Husband filed his objections on September 28, 2021, asserting:

> 1. Magistrate Gall failed to properly consider the assets and liabilities of Hatfield Automotive, LLC;

> 2. Magistrate Gall erroneously classified the Chase Bank account with Fieldson Construction, LLC as a marital asset of the parties;

> 3. Magistrate Gall failed to properly value the real property located on Berlin Station; and

> 4. Magistrate Gall failed to properly weigh the factors set forth in Ohio Revised Code Sec. 3105.18(C)(1) to determine whether spousal support is reasonable and in determining the amount and duration of support.

> September 28, 2021 Objections to Magistrate's Decision at 1.

**{¶13}** Thereafter, on September 28, 2021, Husband filed a request for a copy of the trial transcript.  On October 6, 2021, the trial court provided Husband with a recording of the proceedings. The trial court subsequently granted Husband an extension until January 31, 2022, on which to file the written transcript.  The trial court granted Husband two additional extension and the transcript was ultimately filed on March 8, 2022.

**{¶14}** On March 22, 2022, Husband filed a supplemental brief, additionally arguing:

2. Magistrate Gall erroneously classified the Chase Bank account with Field [sic] Construction, LLC as a Marital [sic] asset of parties.

3. Magistrate Gall failed to properly value the real property located on Berlin Station.

5. The Global Pandemic caused by COVID 19 and the near recession that it caused was not considered when determining the Business Valuation for Hatfield Automotive LLC.

14. the [sic] court ordered the home at 626 Streamwater to be sold and divided 50/50 leaving the defendant liable for 100 percent of the debt.

March 22, 2022 Supplemental Brief and Affidavit in Support.[1]

{¶15} Wife filed her brief in opposition to Husband's objections on April 1, 2022. Via Judgment Entry filed June 7, 2022, the trial court overruled Husband's objections and adopted the magistrate's decision, with two minor changes, as order of the court. Husband was the sole owner of Fieldson.

{¶16} It is from this judgment entry Husband appeals, raising the following assignments of error:

I. THE TRIAL COURT ERRED BY AND ABUSED ITS DISCRETION BY FAILING TO EQUITABLY DIVIDE ASSETS AND/OR LIABILITIES BETWEEN THE PARTIES. SPECIFICALLY, THE TRIAL COURT ABUSED ITS DISCRETION BY 1. INCORRECTLY, AND UNJUSTLY

---

[1] Erroneous numbering in Husband's original brief.

ALLOWING THE PLAINTIFF WIFE TO RETAIN ALL OF THE PARTIES' RETIREMENT FUNDS AND 2. BY INCORRECTLY, AND UNJUSTLY DETERMINING CERTAIN BUSINESS PROPERTIES AND ACCOUNTS WERE MARITAL FUNDS OF THE PARTIES.

II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO AWARD SPOUSAL SUPPORT TO BE PAID FROM THE PLAINTIFF WIFE TO THE DEFENDANT HUSBAND.

I

**{¶17}** In his first assignment of error, Husband contends the trial court erred and abused its discretion by failing to equitably divide assets and/or liabilities between the parties. Specifically, Husband asserts the trial court abused its discretion in 1) awarding all of the parties' retirement funds to Wife; and 2) classifying certain business property and accounts as marital property.

**{¶18}** An appellate court reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

**{¶19}** R.C. 3105.171(C)(1) states: "Except as provided in this division * * * the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall

divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section."

*Retirement Funds*

**{¶20}** We note Husband failed to object, in his September 28, 2021 objections and his March 22, 2022 supplemental brief and affidavit in support, to the magistrate's allocation and award of the marital retirement funds to Wife.

**{¶21}** Civ.R. 53(D)(3)(b)(iv) provides: "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

**{¶22}** Because Husband failed to object to the magistrate's allocation and award of the marital retirement funds, we find his argument relative to this issue is waived.

*Characterization of Property*

**{¶23}** Husband takes issue with the trial court characterization of Hatfield Automotive, the Streamwater Property, and the Florida Property as marital property.

**{¶24}** The characterization of property as marital or separate is a question of fact which we review under a manifest weight of the evidence standard. *Ostmann v. Ostmann*, 168 Ohio App.3d 59, 2006-Ohio-3617, 858 N.E.2d 831, ¶ 9. If the parties contest whether an asset is marital or separate property, the asset is presumed to be marital property unless it is proven otherwise. *C.S. v. M.S.*, 9th Dist. Summit No. 29070, 2019-Ohio-1876,

2019 WL 2147898, ¶ 16. The party seeking to have the asset declared separate property has the burden of proving the asset is separate property. *Id.*

**{¶25}** We note Husband also failed to object, in his September 28, 2021 objections and his March 22, 2022 supplemental brief and affidavit in support, to the magistrate's characterization of Hatfield Automotive, the Streamwater Property, and the Florida Property as marital property. Having failed to object to the magistrate's characterization of the aforementioned property, we find Husband has waived any argument relative thereto.

**{¶26}** Husband's first assignment of error is overruled.

II

**{¶27}** In his second assignment of error, Husband maintains the trial court erred and abused its discretion in failing to award him spousal support.

**{¶28}** A trial court has broad discretion in determining whether an award of spousal support is proper based on the facts and circumstances of each case. *Wojanowski v. Wojanowski*, 8th Dist. Cuyahoga No. 99751, 2014-Ohio-697, ¶ 43, citing *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67, 554 N.E.2d 83 (1990). As stated, supra, an abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore*, supra.

**{¶29}** "The award of spousal support is not based solely on the 'need' of the party, but on what is 'appropriate and reasonable' under the factors listed in R.C. 3105.18(C)(1)." *Roychoudhury v. Roychoudhury,* 3d Dist. Union No. 14–14–19, 2015–Ohio–2213, ¶ 13, citing *Welch v. Welch,* 3d Dist. Union No. 14–14–05, 2015–Ohio–1595, ¶ 18.

**{¶30}** R.C. 3105.18 provides:

(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

R.C. 3105.18(C).

**{¶31}** Upon review of the magistrate's August 31, 2021 decision and the trial court's June 7, 2022 Judgment Entry, we find both the magistrate and the trial court properly considered the factors set forth in the statute relative to the determination of spousal support, and, under the facts of this case, we do not find the trial court abused its discretion in determining spousal support was not reasonable or appropriate.

**{¶32}** Husband's second assignment of error is overruled.

{¶33} The judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed.


By: Hoffman, J.

Gwin, P.J.  and

Delaney, J. concur